This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 25.
Defendant-appellant Ronnie Lewis appeals from the sentence imposed after a guilty plea to one count of drug possession (R.C. 2925.11), a felony of the second degree. Under R.C.2929.14 (A) (2), this offense carries a mandatory prison term of two, three, four, five, six, seven or eight years. Defendant claims the trial court erred in imposing a five year sentence rather than the minimum term of two years. We find no error and affirm.
Defendant's sole assignment of error states:
 I. THE TRIAL COURT ERRED IN NOT SENTENCING THE APPELLANT TO THE MINIMUM TERM OF INCARCERATION BECAUSE THE APPELLANT HAD NEVER PREVIOUSLY SERVED A TERM OF INCARCERATION AND THE TRIAL COURT DID NOT MAKE THE REQUIRED FINDINGS ON THE RECORD AS REQUIRED BY OHIO LAW TO IMPOSE A PRISON TERM LONGER THAN THE MINIMUM TERM.
Defendant argues that since he did not have a previous record of incarceration, he was entitled to the shortest prison term authorized for the offense (i.e., two years). He further argues that he was entitled to the shortest term because the trial court did not find on the record that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public from future crime. The statute upon which defendant relies, R.C. 2929.14(B), states in full as follows:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
As the State points out, defendant pled guilty to a violation of R.C. 2925.11, which is contained in R.C. Chap. 2925. The plain language of the above quoted section specifically excludes Chapter 2925 convictions from its "shortest prison term" requirements. Therefore, defendant is not entitled to the shortest prison term as set forth in R.C. 2929.14(B).
Furthermore, it was not necessary for the trial court to make findings as to whether the "shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime" when it imposed a sentence longer than the minimum. We find no merit to defendant's assignment of error.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _____________________________________ TERRENCE O'DONNELL, JUDGE
 _____________________________________ JOHN T. PATTON, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22 (D) and 26 (A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).